[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 29, 2005
THOMAS K. KAHN
CLERK

No. 04-16516
Non-Argument Calendar

_____

D. C. Docket No. 03-02463-CV-BBM-1

MARCIA WALL,
CONNIE BRUCE,
SONYA BEAUFORD,
CHARLOTT GARRISON,
ANGLEA M. GOURLEY,
DONNA MADDOX,

Plaintiffs-Appellants,

CAROL SUE ROBERSON,

Movant-Appellant,

versus

JOE FERRERO,
JAMES DOCTOR,
DR. JOSEPH PARIS,
ALEXIS CHASE,
OFFICER CUNNINGHAM,
LT. ABRAM,
LT. COLEMAN,
DR. DALRYMPLE,

Defendants-Appellees,

OFFICER ADAMS, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 29, 2005)**

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Plaintiffs, current and former state prison inmates, pursuant to 42 U.S.C. §1983, sued the Georgia Department of Corrections ("GDOC"); three GDOC officials; and the warden, two medical doctors, and six corrections officers at Washington State Prison, a division of the GDOC, alleging violations of the First, Eighth, and Fourteenth Amendments. More specifically, Plaintiffs asserted they were subjected to poisonous spiders and contracted staphylococcus infections from prison conditions; received inadequate medical attention; were victims of discrimination based on race; and suffered retaliation after filing grievances. In this interlocutory appeal, Plaintiff Marcia Wall appeals the district court's denial of her Motion for

Equitable Relief.[1]  Construing this Motion as a request for preliminary injunctive relief (as the district court did), since we would lack interlocutory jurisdiction over an order denying permanent relief, we affirm.  See 28 U.S.C. §§ 1291, 1292(a)(1).

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court and will not be disturbed absent a clear abuse of discretion."  Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002).  We review the district court's legal conclusions de novo.  Cumulus Media, Inc. v. Clear Channel Communications, Inc., 304 F.3d 1167, 1171-72 (11th Cir. 2002).  Findings of fact are reviewed for clear error.  Id. at 1171.

In denying Wall's motion, the district court applied the well-established four-factor test for preliminary injunctive relief.  Wall must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to Wall outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public.  Palmer, 287 F.3d at 1329.  "[A] preliminary injunction is an extraordinary and drastic

---

[1]  In its order, the district court also: granted in part the Defendant's motion for summary judgment; dismissed the claims of Plaintiffs Bruce, Garrison, Beauford, Gourley, Maddox, and Roberson; dismissed Defendants Ferrero, Doctor, and Paris from the case; and denied or overruled pretrial motions. On March 10, 2005, we dismissed this appeal as to the other issues based on our lack of jurisdiction to review those portions of the order on an interlocutory basis. Accordingly, in this opinion we address only the denial of Wall's motion for equitable relief. To the extent Wall raises other claims in her brief, we again note that we do not have jurisdiction to review those aspects of the district court's order.

3

remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted); see also Texas v. Seatrain Int'l, S.A., 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994); see also Siegel v. Lepore, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

The district court denied Wall's Motion, finding that Wall "only conclusorily asserts that the four factors are met" and noting that, "[a]lthough the bulk of the Motion [for Equitable Relief] could be interpreted as a thirty-four page discussion of Plaintiffs' likelihood of success on the merits, the Motion barely addresses the questions of irreparable harm, balancing on the equities, and whether the issuance of an injunction would be in the public interest." In her brief, Wall essentially makes the same argument she made below. She does not apply the four-factor test nor does

4

she suggest how she has satisfied each factor. On this record, we find no clear abuse of the district court's broad discretion in its decision on Wall's Motion, as she did not satisfy her burden of persuasion on each of the four elements that are prerequisites for the entry of such extraordinary relief. Accordingly, we affirm the district court's denial of Wall's Motion.

**AFFIRMED.**